UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
─────────────────────────────────────────────
LADDAVALAYA LIMWONGSE,

               Plaintiff,              **ORDER**
    -v.-                                03-CV-5273 (DRH) (JO)

NEW YORK STATE OFFICE OF
MENTAL HEALTH, PILGRIM PSYCHIATRIC
CENTER,
               Defendants.
─────────────────────────────────────────────

**Appearances:**

**For the Plaintiff:**
**Laddavalaya Limwongse, Pro Se**
26 Sandy Hill Road
Commack, NY 11725

**For the Defendants:**
**Eliot Spitzer, Attorney General for the State of New York**
300 Motor Parkway - Suite 205
Hauppauge, New York 11788
By: Anne C. Leahey

**HURLEY, District Judge:**

       Plaintiff Laddavalaya Limwongse ("Plaintiff") initiated the instant action pursuant to the Americans with Disabilities Act (the "ADA") against defendants New York State Office of Mental Health and Pilgrim Psychiatric Center (collectively, "Defendants") claiming that they wrongfully discriminated against her in the workplace. On October 26, 2005, the Court issued a Memorandum of Decision and Order, familiarity with which is assumed.  This Order, found, inter alia, that Plaintiff had standing to sue for injunctive relief and rejected Defendants' argument that Plaintiff's claim was moot.  Instead, the Court found that under the *Ex Parte Young* exception to the Eleventh Amendment, Plaintiff had adequately pled an ongoing violation of federal law for which she sought prospective relief.  (Oct. 26, 2005 Order at 8.)

The Court neglected to address, however, and neither party raised, the fact that Plaintiff's suit is brought against *state entities*. In *Ex parte Young*, the Supreme Court held that a plaintiff seeking prospective relief from a state must name as a defendant a state official rather than a state or a state agency. *See Pennhurst State School and Hosp. v. Halderman,* 465 U.S. 89, 104-05 (1984). This is true "even though in reality the suit is against the state and any funds required to be expended by an award of prospective relief will come from the state's treasury." *Santiago v. New York State Dep't of Correctional Servs.*, 945 F.2d 25, 32 (2nd Cir. 1991) (citing *Pennhurst*, 465 U.S. at 104-05); *see also Burnette v. Carothers*, 192 F.3d 52, 57 n.3 (2d Cir. 1999) ("[T]he Eleventh Amendment does not bar suits seeking prospective relief against state officials acting in violation of federal law because such action is not considered an action of the state.").

Here, Plaintiff has not availed herself of this *Ex parte Young* "fiction" in framing her Amended Complaint as she has not sued any State officers. Instead, she brings this action solely against the New York State Office of Mental Health and Pilgrim Psychiatric Center. Accordingly, Plaintiff's claims for injunctive relief would appear to be barred by the Eleventh Amendment. Rather than dismiss these claims outright, the Court hereby grants the parties thirty days from the date of this Order to submit letter briefs on this issue, indicating why the Court should or should not dismiss these claims. Should Plaintiff seek leave to file a Second Amended Complaint to assert claims for injunctive relief against any State officials, she shall so indicate in

her brief and include specific factual allegations in support of her proposed claims.

**SO ORDERED.**

Dated: Central Islip, N.Y.
      March 20, 2006

                                              _____
                                              Denis R. Hurley,
                                              United States District Judge